

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. Z. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-5055a
Re: Section (b) of Article 3899,
V. A. C. S., as amended, Acts
47th Legislature, 1941, pro-
viding payment of bond pre-
miums on official bonds of
county commissioners is valid.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Subject: Opinion O-5055
To: S. L. West County
Auditor, Van Zandt
County, Texas

"Please forward me a copy of the above opinion.

"I also desire to ask this question: In this Opinion you say that Bond Premiums for four county commissioners can be paid out of the officers sal- ary fund. Would this not be an indirect illegal transfer of funds inasmuch as the Commissioners of Montgomery County, Texas, are paid out of the Road and Bridge Fund."

Article 16, Section 61, of our State Constitution, automatically put county officers in counties having a popu- lation of 20,000 or more inhabitants according to the last preceding Federal census on a salary basis from and after the 1st day of January, 1936. Section 13 of Article 3912e, V. A. C. S., makes it the mandatory duty of the commissioners'

Honorable A. Y. Hickerson, Page 2

courts in counties having a population of 20,000 or more inhabitants and less than 190,000 inhabitants, according to the last preceding Federal census, to fix the salaries of certain named county officers, including sheriffs, assessors and collectors of taxes, county attorneys, county judges, county clerks, district clerks and county treasurers and other named officers.

Section (b) of Article 3899, V. A. C. S., as amended by the Acts of the 47th Legislature, 1941, reads, in part, as follows:

"(b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies, provided that expenses incurred for the premiums on officials' bonds for the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector, including the cost of surety bonds for any deputies of any such officers, may be also included, and such expenses to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the Commissioners Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses. . . .

". . . All such approved claims and accounts shall be paid from the Officers Salary Fund unless otherwise provided herein.

". . . ."

278

Prior to its amendment in 1941, by H. B. 524, Acts of the Regular Session of the 47th Legislature, Article 3899, V. A. C. S., while authorizing the payment of premiums on official bonds of certain officers and their deputies, to wit: Sheriffs, county judges, county attorneys, assessors and collectors of taxes, county clerks and district clerks, did not authorize such payments in behalf of county treasurers, county auditors, county commissioners, county school superintendents, and county hide and animal inspectors. The caption of said H. B. 524 reads as follows:

"An Act amending Article 3899, Revised Civil Statutes of Texas, 1925, as amended by Chapter 311, Acts of the Forty-fourth Legislature, Regular Session, and Chapter 465, Acts of the Second Called Session, Forty-fourth Legislature, and by Chapter 498, Acts of the Forty-fifth Legislature, to provide that premiums on official bonds for the county treasurers, county auditors, county road commissioners, county school superintendents, hide and animal inspectors and their deputies, shall be paid from count funds; and declaring an emergency."

Section 3 of said H. B. 524 also provides:

"The fact that the provisions of this Act are necessary to remedy a discrimination against certain county officials in the matter of payment of costs on premiums on bonds for themselves and for their deputies creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be suspended, and said rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

It will be noted that Section (b) of Article 3899, V.A.C.S., as amended, supra, uses the term "county road commissioners" instead of the term "county commissioners". Did the Legislature intend to refer to county commissioners?

Honorable A. E. Nickerson, Page 4

We think so. Our reasoning on this score is as follows:

The term "county road commissioners" is ambiguous and therefore subject to construction in order to ascertain the Legislative intent. There is no county officer known as "county road commissioner". It is true that Article 6737, V.A.C.S. authorizes the commissioners' court to employ road commissioners not to exceed four for road districts or precincts defined by the commissioners' court, and such road commissioners are merely road district or precinct employees who are required under Article 6738, V.A.C.S., to obey all orders of the Commissioners' Court. Article 6737, V.A.C.S., requires such employees (road commissioners) to execute a $1000.00 bond payable to the county judge and his successors in office but does not require such road commissioners to take any oath. Such employees (road commissioners) have no definite term and are clearly not officers. Article 6742, V.A.C.S., also provides that in counties having a population of 40,000 inhabitants or more the members of the commissioners' court "shall be ex-officio road commissioners of their respective precincts".

It is also pertinent to consider the legislative history of Article 3899, section (b), V.A.C.S. Prior to its amendment in 1941 the article, while authorizing the payment of bond premiums on the official bonds of nearly all of the county officers did not authorize the payment of bond premiums for the county treasurer, county auditor, county commissioners, county school superintendent, and county hide and animal inspector. To cure this situation the Legislature amended the Act in 1941, as quoted above. The emergency clause, quoted above, says among other things that "the provisions of this Act are necessary to remedy a discrimination against certain county officials." Clearly this would not apply to a mere employee such as a precinct or district road commissioner. Some county commissioners are also ex-officio road commissioners (in counties 40,000 or over) and all county commissioners look after the county roads under various constitutional and statutory provisions. Indeed many people popularly refer to the county commissioners as county road commissioners. It seems clear to us that the Legislature undoubtedly intended to refer

to county commissioners when it used the term "county road commissioners" in the amended Act above quoted. To hold otherwise would make the term "county road commissioners" meaningless and would discriminate against county commissioners-- a discrimination never intended by the Legislature as evidenced by the above quoted emergency clause.

In compliance with your request we are enclosing herewith a copy of opinion No. 0-5055 of this department, which holds that bond premiums on the official bonds of certain named county officials in counties operating under the Officers' Salary Law should be paid from the Officers' Salary Fund of the county.

Montgomery County, Texas, has a population in excess of 20,000 inhabitants according to the 1940 Federal Census. Under the provisions of Section 13 of Article 3912e, V. A. C. S., the following named county officers, to wit: sheriff, assessor and collector of taxes, county judge county attorney, including criminal district attorney and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer and hide and animal inspector, of counties having a population in excess of 20,000 inhabitants according to the last preceding Federal census, must be compensated on a salary basis and be paid from the Officers' Salary Fund.

The county commissioners of Montgomery County, Texas, receive their salaries under the provisions of Articles 2350 and 2350(1), V. A. C. S., according to the tax valuations of the county. Such salaries may be paid entirely from the road and bridge fund of the county if the requirements of Article 2350(1) are met; otherwise such salaries may be paid partly from the road and bridge fund and partly from the general fund, in accordance with Article 2350.

There is no statutory provision authorizing the payment of bond premiums on official bonds of county commissioners in salary counties out of the road and bridge fund or out of any other fund than the Officers' Salary Fund.

Honorable A. E. Hickerson, Page 6

It is our opinion that Section (b) of Article 3899, V. A. C. S., as amended, Acts 47th Legislature, 1941, is valid and constitutional. We answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp

APPROVED APR 22 1943



ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE